ISAURO MELGAR ET AL., Plaintiffs and Appellees, *v.* PUERTO RICO AUTO CORPORATION, Defendant and Appellant.

No. 10816. Argued April 7, 1954.—Decided April 29, 1954.

404

 

*Manuel Cruz Horta* for appellant. *Víctor M. Bosch* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Puerto Rico Auto Corporation has appealed from a judgment rendered by the former District Court ordering it to pay certain sums of money to a group of 39 workmen for extra hours, including accumulated vacations for two of them, and the corresponding penalty, plus costs and attorney's fees.

The claimants, appellees herein, worked for appellant in the repair and painting of new automobiles for retail sale after Mandatory Decree No. 8 of the Minimum Wage Board of Puerto Rico went into effect.[1] There was no controversy as to the nature of the work performed, time worked and salary received by each of the appellees. The appellant, Puerto Rico Auto Corporation, admitted having paid to those workers all the extra hours worked by them at the rate of one and one-half instead of twice the wage received by them, as provided by Mandatory Decree No. 8, and, consequently, that it owed them the difference of one-half the rate, regarding which sums there is no controversy either. However, appellant maintains that it is not bound to pay those sums to complainants. Its defense is that, since complainants worked for it on an hourly and not on a weekly-wage basis, due to the negligence of its accounting department those workmen

---

[1] This Decree, which fixes the minimum wages, maximum hours and working conditions in the retail business, was promulgated on April 5, 1945 and took effect 60 days thereafter. The parties agree that said Decree is applicable to appellees herein.

were paid for all holidays comprised in the period covered by the complaint without the workmen having performed any work on those days, and that the amounts thus unduly collected by complainants amply compensate for the amount owed them. Likewise, as respects this defense, there was no controversy as to the number of holidays which were paid at time and one-half and during which no work was performed.

The lower court held (a) that the claimants worked on a weekly and not on an hourly-wage basis; and (b) that the counterclaim or compensation alleged by the defendant was not in order in view of the provisions of Act No. 10 of November 14, 1917, as subsequently amended.[2]

██ In order to determine the nature of the labor contract, that is, whether complainants worked for a weekly or an hourly wage, both parties relied on appellant's payrolls and on some other testimony which throws very little light on the matter. The payrolls have not been sent up to this Court and, therefore, we know very little of their contents. After an exhaustive examination of the record, we agree with appellant that: "There is nothing in the transcript of the record or in the partial exposition of the evidence indicating what was the contract that actually existed between the parties . . . ."[3] However, the record discloses that

---

[2] Act No. 10 of November 14, 1917 was amended by Act No. 13 of April 20, 1932, Act No. 17 of April 11, 1945, Act No. 182 of May 12, 1948, and Act No. 150 of May 1, 1950.

[3] Although this is so, there are circumstances in the instant case which might warrant the inference that the workers received a weekly wage. One of them is the fact that appellant paid to these workmen the holidays comprised in a long period of four years or more, the only reason alleged for doing so being the negligence of its accounting department. Another circumstance is the fact that, contrary to the general practice, the hourly wage paid to complainants ends in fractions of a cent. For example, Isauro Melgar was paid at the rate of 78¾ ¢ per hour up to March 29, 1947, thereafter at the rate of 84½ ¢ per hour up to August 6, 1947, and thereafter and until cessation at the rate of $1.04¾ ¢ per hour. It seems that they divided the weekly wage by the maximum working period in order to compute the hourly-wage rate, for the purpose of determining the compensation for extra hours, etc.

complainants were permanent employees of the appellant and that they worked for the latter after Mandatory Decree No. 8 was in force. Paragraph B of that Decree provides:

"B.—Minimum Wage

"1. Weekly.—Except as hereinafter provided in paragraph G, there shall be paid to every permanent employee a weekly wage at the rate of not less than twelve dollars ($12) in the first zone, ten dollars ($10) in the second zone, or eight dollars ($8) in the third zone, it being understood that such zones shall be those which are established by paragraph C of this Decree.

"2. Hourly.—Except in the cases provided in paragraph G, there shall be paid to every employee other than a permanent employee an hourly wage at the rate of not less than thirty cents (30¢) in the first zone, twenty-five cents (25¢) in the second zone, and twenty cents (20¢) in the third zone."

In view of the preceding provisions, we are forced to conclude that appellant was bound to pay a minimum weekly wage to its permanent workers and employees, and that it could not, therefore, legally pay them an hourly wage. In this respect, the laborer-employer relations are governed by the Decree, and any other contractual clause which violates such provisions would be ineffective. *Cf. Micheo García* v. *Vallés Montequín, ante,* p. 20; *Compañía Popular* v. *District Court,* 63 P.R.R. 116.

The second assignment made by appellant regarding the propriety, as defense, of its counterclaim or compensation, rests, as indicated in its brief, on the premise that the labor contract entered into with the appellees was on an hourly and not on a weekly-wage basis. This point having been decided against it, the premise in question is erroneous. It is therefore unnecessary to pass upon the merits of the defense of counterclaim or compensation.

The foregoing disposes of the principal issues raised in this appeal by appellant. Since the lower court committed no error in rendering the judgment appealed from, the judgment will be affirmed.

Mr. Justice Belaval did not participate herein.